## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## MOBILE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) Plaintiff, ) ) v. ) ) ) BEAVERS', INC., d/b/a BEAVERS RESTAURANT GROUP, INC., d/b/a ARBY'S ) ) ) ) ) Defendant. ) ) | CIVIL ACTION NO.  **COMPLAINT**  **JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. §2000e et seq. ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. §1981a, to correct unlawful employment practices on the basis of sex (female), and to provide appropriate relief to Ashley Burston ("Burston"), Natasia Williams ("Williams"), and a class of females who were adversely affected by such practices. As alleged with greater particularity in paragraphs eleven (11) through fifteen (15) below, Defendant Beavers', Inc. d/b/a Beavers Restaurant Group, Inc., d/b/a Arby's ("Defendant" or "Arby's") subjected Burston, Williams, and a class of females to harassment because of sex at Defendant's Atmore, Alabama restaurant, and failed to take prompt, remedial action despite repeated employee complaints.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sections 2000e-5(f)(1)("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the Southern Division of the United States District Court for the Southern District of Alabama.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. Section 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a Florida corporation doing business in Alabama, Florida, Georgia, Mississippi, and Louisiana, and has continuously had over 500 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit, Burston and Williams filed charges with the Commission alleging violations of Title VII by Defendant.

7. On November 27, 2017, the Commission issued to Defendant Letters of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. In its efforts to conciliate, the Commission engaged in communications with Defendant to provide it with the opportunity to remedy the discriminatory practices described in the Letter of Determination. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

9. On January 24, 2018, the Commission issued to Defendant Notices of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10. All conditions precedent to the institution of the lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

11. From approximately May 4, 2016 to August 11, 2016, Defendant engaged in unlawful employment practices at its Atmore, Alabama store in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a)(1) and 2000e-2(a).

12. Specifically, Defendant subjected Burston, Williams, and a class of female employees who worked at Defendant's Atmore, Alabama location, to severe, pervasive, unwanted, degrading and offensive sexual conduct, based on their sex (female).

13. The unlawful sexual harassment, which was perpetrated by Defendant's Team Lead, Montrelle Fisher ("Fisher"), included, but was not limited to, the following unwelcomed conduct that created a hostile work environment:

    a) When Williams came to the workplace wearing shorts on her off day to pick up her

paycheck, Fisher said, "I like to see you in them blue shorts."

b) When Williams bent over to retrieve food from storage, Fisher remarked, "Girl, don't bend over like that. I'm gonna tear your ass up."

c) Fisher frequently made comments to Burston such as "Your boobs are so big I could just put my face in them," and "If you let me suck your breasts, I won't go any lower." Other times, Fisher insisted, "You look like you got something good down there so I might need to go down there."

d) Fisher asked Burston for a hug and a kiss on several occasions.

e) Fisher also sexually harassed female employees other than Burston and Williams.

f) Fisher gave a mobile phone to a female employee that contained a photograph of his genitalia. Fisher also made numerous comments to that employee about how "big" or "long" he was, and told her he wanted her to be his "girlfriend."

g) While that same female employee was working, Fisher told her, "Girl, don't be bending over like that," and "You just don't know what I could do to you. I will tear your ass up."

h) Fisher made persistent attempts to get the attention of female employees and pursue a sexual relationship with female employees. Fisher sent Facebook and text messages begging Burston and Williams to come home with him or let him come home with them. Fisher's messages included how he wanted to wake up the female employees in bed with sexual acts and cook them breakfast.

i) Fisher attempted to follow Burston home from work without invitation while texting her, "When are you gonna let me come over and chill with you."

j) Fisher attempted to follow Williams home from work without invitation.

4

k) Fisher pursued Burston, pressuring her to spend time with him as a "girlfriend." Fisher frequently made unwelcome sexual comments to Burston such as, "I want you," and "I can take care of you better than other men."

l) Fisher deliberately invaded the personal space of female employees, including Burston, while she was working in plain view of customers and other employees.

m) Fisher waited for Burston to go into the cooler alone, approached her from behind, and rubbed his groin against her buttocks.

n) Fisher made crude sexual comments about female customers in front of female employees. For example, on three or four occasions, Fisher remarked to Williams that he would "tear that ass up," referring to particular female customers.

o) Fisher pressured one female employee to be his "girlfriend" and said he would give her anything she wanted.

p) Fisher's conduct was open and notorious and Defendant, including its supervisors and managers, was aware of it.

q) Burston, Williams, and other female employees repeatedly refused Fisher's sexual advances, but this did not deter Fisher's harassment.

r) Fisher did not subject male employees to the same unwelcome sexual advances and comments.

14. The practices complained of in paragraph 13 continued at least August 5, 2016, when Fisher physically injured Williams.

15. Based on the complaints of Burston, Williams, and other employees, and the observations of its own Team Leaders and other supervisors and managers, Defendant's Team

Leaders and other supervisors and managers were made aware from the outset of Fisher's employment, and numerous times thereafter, of his ongoing sexual harassment on its premises, and failed to take prompt remedial action.

16. The effect of the practices complained of in paragraph(s) eleven (11) through fifteen (15) above has been to deprive Burston, Williams, and the class of equal employment opportunities and otherwise adversely affected their status as employees because of their sex (female).

17. The unlawful employment practices complained of in paragraphs eleven (11) through fifteen (15) above were intentional.

18. The unlawful employment practices complained of in paragraphs eleven (11) through fifteen (15) above subjected Burston, Williams, and the class to a hostile work environment based on their sex (female).

19. The unlawful employment practices complained of in paragraphs eleven (11) through fifteen (15) above were done with malice or with reckless indifference to the federally protected rights of Burston, Williams, and the class.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in sexual harassment, and any other employment practices which discriminate on the basis of sex.

B. ~~Order Defendant to institute and carry out policies, practices, and programs which~~ provide equal employment opportunities for women and for persons who oppose conduct prohibited by Title VII, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Burston, Williams, and the class by providing, as appropriate, compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs eleven (11) through fifteen (15) above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

D. Order Defendant to pay to Burston, Williams, and the class punitive damages for its malicious and reckless conduct described in paragraphs eleven (11) through fifteen (15) above, in amounts to be determined at trial.

E. Grant such further relief as the Court deems necessary and proper in the public interest.

F. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

RESPECTFULLY SUBMITTED,

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

U.S. Equal Employment Opportunity Commission
131 M. Street E
Washington, DC 20507

7

*[signature]*

MARSHA RUCKER (PA Bar No. 90041)
Regional Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION, Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street, South
Birmingham, Alabama 35205
Telephone: (205) 212-2045
Facsimile: (205) 212-2041