### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 1:18-CV-00150-TM-MU |
| | ) | |
| BEAVERS' INC., d/b/a BEAVERS RESTAURANT GROUP, INC. d/b/a ARBY'S | ) ) ) | |
| | ) | |
| Defendant. | ) | |

#### CONSENT DECREE

The Equal Employment Opportunity Commission ("Commission or Plaintiff") filed the above-captioned lawsuit against Beavers', Inc., d/b/a Beavers Restaurant Group, Inc., d/b/a Arby's ("Defendant") (collectively, the "Parties") on March 30, 2018, in this Court, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.* ("Title VII") and the Civil Rights Act of 1991, 42 U.S.C. §1981a. In the Complaint, the Commission alleged that Defendant violated Title VII when it subjected Ashley Burston, Natasia Williams, and Ciera Sylvester to harassment by Montrelle Fisher because of sex at Defendant's Atmore, Alabama restaurant. The Commission further alleged that Defendant failed to take prompt, remedial action despite repeated employee complaints.

Nothing stated in this Consent Decree constitutes, nor shall be implied, interpreted as, or provide evidence of an admission of liability or wrongdoing on the part of the Defendant, nor shall it be construed as such. Liability is denied by Defendant.

The Parties do not object to the jurisdiction of this Court over this action and waive their rights to a hearing and the entry of finding of fact and conclusions of law. Venue is proper in the U.S. District Court for the Southern District of Alabama (Mobile Division). The Parties agree that this Consent Decree is fair, reasonable, and does not violate the law or public policy. The Title VII rights of the Parties are protected adequately by this Consent Decree.

In the interest of resolving this matter, and to avoid the expense of further litigation, the Parties have agreed that this action should be resolved by entry of this Consent Decree.

It is ORDERED, ADJUDGED AND DECREED:

1. This Consent Decree resolves all claims arising out of the issues between the Parties in this lawsuit including, without limitation, compensatory and punitive damages, injunctive relief, and costs. This Consent Decree, including Exhibit A, is limited in its scope to matters covered explicitly herein, and comprises and constitutes the entirety of the terms and conditions of the resolution agreement between the Parties.

2. Defendant and its officers, agents, employees, successors, and assigns, both at the time that this Consent Decree becomes effective and for the duration of this Consent Decree, shall comply with Title VII's prohibition against discrimination based on sex.

3. Defendant shall not permit a work environment that includes harassment or other discrimination against employees on the basis of sex.

4. Defendant shall not retaliate against any applicant or employee because he or she: (i) opposes or opposed discriminatory practices made unlawful by Title VII; (ii) files or filed a charge of discrimination with the Commission or any state agency that enforces employment-related anti-discrimination laws, or assists, assisted, participates, or participated in the filing of a

2

charge of discrimination with the Commission; or (iii) assists, assisted, participates or participated in an investigation or proceeding conducted by the Commission.

5.     Defendant shall enforce in its workplace, without limitation, the anti-retaliation provisions of Title VII.

6.     This Consent Decree shall become effective on the date it is entered by the Court, and shall be in effect for forty-eight (48) months from the date of its entry by the Court. This Consent Decree shall apply to Defendant and Defendant's supervisors and managers at all of its operations, and to all of Defendant's facilities and locations.

## MONETARY RELIEF

7.     Within thirty (30) calendar days of the entry of this Consent Decree, Defendant shall pay relief in the amount of Eighty-four Thousand Dollars ($84,000) to Ashley Burston, Ciera Sylvester, and Natasia Williams. The $84,000 paid by Defendant shall represent full settlement of the claims against Defendant which were the basis of the EEOC Charges filed by Ashley Burston (425-2016-01257), Ciera Sylvester (425-2016-01256), and Natasia Williams (425-2016-01267) and this lawsuit.

8.     The monetary relief will be distributed according to a distribution list the EEOC will provide to Defendant within fifteen (15) days of the date of this Decree. The distribution list will set forth the name of each individual entitled to monetary relief under this Decree ("Claimant"), her corresponding social security number, the address to which each Claimant's check should be mailed, and the gross amount each Claimant will receive. The EEOC will, in its sole discretion, determine how to allocate the monetary relief among the class.

3

9.      Defendant shall mail a check payable to each Claimant using the address provided by the EEOC. Concurrently, Defendant shall mail a copy of the checks to the attention of Plaintiff's Regional Attorney, Equal Employment Opportunity Commission, Birmingham District Office, Ridge Park Place, 1130 22nd Street South, Suite 2000, Birmingham, AL 35205. Defendant will issue applicable United States Internal Revenue Service forms to Natasia Williams, Ashley Burston, and Ciera Sylvester by the end of calendar year 2019.

10.     Failure to make payment in full within thirty (30) days of entry of the Consent Decree will constitute a breach of the Decree.

## POLICIES AND PROCEDURES

11.     Defendant shall develop, disseminate, implement, and otherwise maintain anti-harassment and anti-retaliation policies and procedures applicable to all of its employees, supervisors, and managers within sixty (60) calendar days of the effective date of this Consent Decree. The policies and procedures shall include, at a minimum, the following provisions:

A. Clear definitions of sex harassment and retaliation, with examples where appropriate;

B. Statements prohibiting sex harassment and retaliation;

C. Convenient, confidential and reliable mechanisms for reporting incidents of harassment;

D. Designation of at least two employees at each of Defendant's restaurants as investigative officers to receive and investigate reports of harassment;

E. A requirement that each investigative company representative receive at least one day of training on identifying and investigating harassment;

4

F.  A statement that employees may raise concerns or complaints without retaliation about matters, whether alleged, perceived or actual, prohibited by Title VII, this Consent Decree, and the policies and procedures generated by this Consent Decree;

G.  A statement that reports of harassment can be made to any supervisory or managerial employee and to any member of Defendant's human resources staff;

H.  A statement that reports of harassment may be made orally or in writing and can be made anonymously;

I.  Broad dissemination of the telephone numbers, mailing and email address of managers to whom reports of harassment may be made;

J.  A requirement that any supervisory, managerial, or human resources employee who observes or otherwise obtains information regarding harassment report such information immediately to the head of Defendant's human resources office;

K.  A statement that requires Defendant's officers, directors, managers, supervisors, recruiters, and human resource personnel be trained on the requirements of Title VII, this Consent Decree, and the policies and procedures generated by this Consent Decree.

L.  A statement that describes in detail the consequences, up to and including termination, that shall be imposed on violators of Title VII, this Consent Decree, and the policies and procedures generated by this Consent Decree;

M.  A statement that provides an assurance of non-retaliation for persons who believe they have been subjected to discrimination, harassment and retaliation, and for persons who

5

otherwise oppose activity unlawful under Title VII, or reasonably believed to be unlawful, or who participate in any form or fashion, including providing statements, assistance or information related to the complaint, allegations or report of discrimination, harassment or retaliation;

N. A statement that provides assurances that Defendant shall investigate all allegations of discrimination or retaliation promptly, fairly, reasonably, effectively, expeditiously and as confidentially as possible under the circumstances by appropriate investigators and that appropriate corrective action and appropriate follow-up shall be taken by Defendant to make victims whole and to eradicate the discrimination or retaliation;

O. A statement that requires Defendant to thoroughly review these policies and procedures with all employees as part of their employee orientations and scheduled trainings at all of its facilities and locations;

P. A statement that requires and provides a system for ensuring the dissemination of Defendant's Title VII discrimination policies, this Consent Decree, and the policies and procedures generated by this Consent Decree, to all Defendant's employees.

12.     Defendant shall send a copy of the policies and procedures required by this Consent Decree to the attention of the Regional Attorney of the Birmingham District Office, U.S. Equal Employment Opportunity Commission, within 90 calendar days following the effective date of this Consent Decree, or thirty (30) calendar days following the first dissemination to employees, whichever date is sooner.

6

13.     Defendant shall provide a copy of the policies and procedures required by the Consent Decree to all new employees within three (3) days of their hire.

14.     Defendant shall post its policies and procedures required by this Consent Decree in prominent locations frequented by employees in each of its locations as well as on its website.

## TRAINING FOR MANAGERS AND EMPLOYEES

15.     Within 90 days of the entry of this Consent Decree, all current employees, including directors, supervisors and managers, shall attend a two (2) hour live training. This training shall include an explanation of this Consent Decree, Title VII and the Defendant's policies regarding harassment and retaliation.  The training shall cover all aspects of Title VII including, but not limited to, the legal requirements of Title VII and the retaliation and record-keeping requirements under Title VII. The training shall cover an explanation of Defendant's policies regarding harassment and retaliation, the importance of maintaining an environment free from harassment and retaliation, the types of harassment and retaliation prohibited by law, the protections against retaliation for reporting, opposing or participating in activity related to the opposition to harassment, methods to report harassment and retaliation, and the types of disciplinary actions that shall be taken against any employee who engages in harassment and retaliation.  The training also shall explain the steps employees should take to submit internal complaints of harassment and/or retaliation.  With regard to management and supervisory employees, including directors, the training shall instruct such individuals on how to investigate harassment and retaliation complaints, how to document investigations of harassment and retaliation, and how to treat employees who report, witness, oppose or otherwise participate in an investigation or opposition of harassment and retaliation. The training shall also explain that the evaluation of directors, supervisors and

7

managers shall consider, among other things, enforcement of Defendant's anti-harassment policies. The training for all current employees, including managers, supervisors and directors, shall conclude with a minimum of fifteen (15) minutes for questions and answers. The training shall be repeated (with modifications to ensure its compliance with the law) on a bi-annual basis during the term of this Consent Decree.

16. The training and education for employees may be videotaped for review by absent employees and shall also include practical examples aimed at the prevention of harassment and retaliation.

17. Defendant shall generate a registry containing signatures of all persons attending the trainings described above. Employees, including all management and supervisory personnel attending the training, shall be instructed to sign the registry when they attend the entire training session or watch a videotape of the entire training session. Defendant shall retain each registry for the duration of the Consent Decree.

18. This training shall be provided to all new or rehired employees within three (3) months of their initial employment or rehire. Each training session shall be delivered in accordance with an outline prepared at least two weeks in advance of the training. The outline and all training materials, (pamphlets, brochures, agendas, videos) shall be delivered to the EEOC Birmingham District Office, to the attention of the Regional Attorney at the address set out above at least one week in advance of each training session. These materials will be sent to the EEOC on an annual basis during the period of this agreement. Acceptance or review of these materials by the Commission shall not constitute approval of the said materials, but may be retained for compliance purposes.

8

19.     The training shall be presented by trainers or educators with knowledge and expertise in the prevention of harassment, harassment and retaliation and may be presented by Defendant's Human Resources professionals with such knowledge and expertise. Defendant may add to this training depending on its needs.

20.     Within 120 days of the entry of this Consent Decree, Defendant shall provide the Birmingham District Office of the Equal Employment Opportunity Commission with proof of the action taken to inform and train its personnel as outlined herein and thereafter shall supplement the report biannually to include any additional training that occurs for the duration of this Consent Decree. The report(s) shall be mailed to Regional Attorney, Birmingham District Office of the Equal Employment Opportunity Commission (EEOC), 1130 22nd Street, South, Suite 2000 Birmingham, AL 35205.

## REPORTING

21.     The Defendant shall maintain the following records during the term of this Consent Decree:

     i.    Title VII policies and procedures;

     ii.    Harassment and retaliation complaints made by employees;

     iii.    All documents generated in connection with any complaint investigation, or resolution of every complaint involving allegations of violations of Title VII, including discrimination, harassment and retaliation;

     iv.    All materials used in training; and

     v.    Attendance lists for all training.

9

During the term of the Consent Decree, EEOC staff may conduct periodic confidential interviews to monitor compliance with the Consent Decree.

## POSTING OF NOTICE

22.     Within thirty (30) days after entry of this Consent Decree, Defendant shall post 8½-inch-by-11-inch sized copies of the Notice attached as **Exhibit A** to the Consent Decree on all bulletin boards and any other locations where Defendant regularly posts announcements and notices required by federal and/or state law or notices of employment-related policy or practice changes to employees, including electronic posting, except that the Notice shall not contain the header "Exhibit A." Defendant shall send by certified mail a copy of the signed Notice, and a written certification by Defendant's Chief Executive Officer or other Authorized Representative of the date(s) and location of its posting, to the attention of the Regional Attorney of Plaintiff's Birmingham District Office, at the address set forth above, within ten (10) days of the posting. Defendant shall permit a representative of the EEOC to enter Defendant's premises at any time during normal business hours for the purpose of verifying compliance with this paragraph. Defendant shall take all reasonable steps to ensure that the posting is not altered, defaced, covered by any other material, or removed. Should the posted copy become altered, defaced, covered or removed, or become otherwise illegible, Defendant shall re-post promptly a legible copy in the same manner as heretofore specified. The posted Notice shall be the same type, style and size as the printing on Exhibit A and shall bear the signature of the Chief Executive Officer of Defendant.

## COSTS AND ATTORNEY FEES

23.     The Parties shall bear their own attorney's fees and costs incurred in this action.

10

## DURATION OF THIS CONSENT DECREE

24.     The duration of this Consent Decree shall be forty-eight (48) months from the date of its entry by the Court. This Court shall retain jurisdiction over this action for the duration of the Consent Decree, during which time the Commission may petition this Court for compliance with this Consent Decree. Should the Court determine that Defendant has not complied with this Consent Decree, the Court may order appropriate relief, including but not limited to, the extension of this Consent Decree for such a period as the Court deems necessary. Absent extension by order of this Court, this Decree shall expire by its own terms at the end of forty-eight (48) months from the date of entry, without further action by the Parties.

## DISPUTE RESOLUTION

25.     In the event that the Commission believes during the term of this Consent Decree that Defendant has failed to comply with any provision(s) of the Consent Decree, the Commission shall notify Defendant or its counsel of the alleged non-compliance and shall afford Defendant thirty (30) calendar days thereafter to remedy the non-compliance or to satisfy the Commission the alleged non-compliance is not well founded.  If Defendant has not remedied the alleged non-compliance or satisfied the Commission that it has complied within thirty (30) calendar days, the Commission may apply to the Court for appropriate relief.

## SUCCESSOR NOTIFICATION

26.     Defendant shall, during the term of this Decree, provide notice and a copy of this Decree to any successors or any other corporation or other entity that acquires Defendant and any other corporation or other entity into which Defendant may merge.

## OTHER RELIEF

27.     Defendant shall segregate into a confidential file, and not disclose to any employee

11

or non-government third party (unless such documentation is the subject of a court order), any and all documents, information, references, and all facts or matters underlying or related to the EEOC Charges filed by Ashley Burston (425-2016-01257), Ciera Sylvester (425-2016-01256), and Natasia Williams (425-2016-01267) and this lawsuit.

28.     Defendant, including its officers, agents, employees, successors, and assigns shall be enjoined from providing negative, derogatory, or otherwise, unfavorable information about Ashley Burston, Ciera Sylvester, and Natasia Williams that relates to these individuals' character, reputation, conduct, and performance while employed at Defendant to persons who contact Defendant, its officers, agents, employees, successors and assigns seeking employment, licensure, and character references or any other information related to these individuals.  In the event Defendant receives any request for information, whether verbal or written, from potential employers, prospective employers, or third parties seeking references or information about Ashley Burston, Ciera Sylvester, and Natasia Williams, Defendant shall inform such potential employer(s), prospective employer(s), or third parties that its policy and practice is to provide only the dates of an individual's employment, the position held by that individual, and, if requested by Ashley Burston, Ciera Sylvester, or Natasia Williams, the requesting individual's final pay rate while employed at Defendant. Notwithstanding the foregoing, nothing in this Consent Decree should be construed as prohibiting Defendant from responding to or otherwise complying with a lawful court order issued after Defendant's communication to the subpoenaing party that the information or documents sought pursuant to the subpoena are or may be subject to this Consent Decree.

12

29.     Defendant shall not discourage any individual from reporting, alleging, complaining about, or assisting in any manner with any report, allegation, or complaint of employment discrimination, harassment, and retaliation on the basis of sex.

The Parties agree to the entry of this Consent Decree subject to final approval by the Court.

APPROVED AND CONSENTED TO:

AUTHORIZED REPRESENTATIVE
FOR DEFENDANT BEAVERS' INC.,
d/b/a BEAVERS RESTAURANT
GROUP, INC., d/b/a ARBY'S


ATTORNEY FOR DEFENDANT
BEAVERS' INC., d/b/a BEAVERS
RESTAURANT GROUP, INC.,
d/b/a ARBY'S


MARSHA RUCKER
Regional Attorney

GERALD L. MILLER
Supervisory Trial Attorney

GINA PEARSON
Trial Attorney

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Birmingham District Office
1130 22nd Street South, Suite 2000
Birmingham, Alabama 35205-2886
Telephone: (205) 212-2045
ATTORNEYS FOR PLAINTIFF EEOC

BRANDON R. SPAIN
(Printed name)


LUCIAN B. HODGES
(Printed name)

IT IS SO ORDERED.

April 10, 2019
DATE

U. S. DISTRICT COURT JUDGE

## ATTACHMENT A – NOTICE TO ALL EMPLOYEES

This Notice is posted by agreement between Beavers' Inc., d/b/a Beavers Restaurant Group, Inc., d/b/a Arby's and the Equal Employment Opportunity Commission (EEOC). Title VII of the Civil Rights Act of 1964, as amended, prohibits discrimination against employees on the basis of race, color, religion, national origin, or sex. The law also makes it illegal to retaliate against a person because the person complained about discrimination, filed a charge of discrimination, or participated in an employment discrimination investigation or lawsuit. Title VII also prohibits discrimination or harassment of applicants and employees because of their sex, including pregnancy, in all employment practices, including hiring, firing, advancement, compensation, training, and other terms, conditions, and privileges of employment.

It is illegal to harass an employee because of race, color, religion, sex (including gender identity, sexual orientation, and pregnancy), national origin, age (40 or older), disability or genetic information. It is also illegal to harass someone because they have complained about discrimination, filed a charge of discrimination, or participated in an employment discrimination investigation or lawsuit. Harassment can take the form of slurs, graffiti, offensive or derogatory comments, or other verbal or physical conduct. Sexual harassment (including unwelcome sexual advances, requests for sexual favors, and other conduct of a sexual nature) is also unlawful. The harasser can be the victim's supervisor, a supervisor in another area, a co-worker, or someone who is not an employee of the employer, such as a client or customer.

If you believe you have been discriminated against, subjected to retaliation, or have been a witness to discrimination or retaliation, you may contact the EEOC at (205) 212-2000. The EEOC charges no fees and has employees who speak languages other than English. This Notice must remain posted for  forty-eight (48) months from _____ and must not be altered, defaced or covered, by any other material. Any questions about this Notice or compliance with its terms may be directed to: Regional Attorney, EEOC Birmingham District Office, Ridge Park Place, Suite 2000, 1130-22nd Street South, Birmingham, Alabama 35205.

15